**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000379
09-JAN-2025
08:28 AM
Dkt. 51 SO**

NO.CAAP-24-0000379

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF J-A W-C,
Born on 00/00/2022

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 22-00012)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka, and McCullen, JJ.)

Mother-Appellant S.W. (**Mother**) appeals from the Order Terminating Parental Rights (**TPR Order**) filed on April 22, 2024, in the Family Court of the First Circuit (**Family Court**).[1]

J.W. (**Child**) was born in early 2022 and tested positive for methamphetamine at birth. A social worker for Petitioner-Appellee Department of Human Services (**DHS**) interviewed Mother, and Mother admitted using methamphetamine 1-2 times a week throughout her pregnancy, including on the day of Child's birth. A Honolulu Police Department officer took protective custody of Child and transferred custody to DHS. DHS filed a Petition for Temporary Foster Custody on January 18, 2022.

---

[1] The Honorable Lesley N. Maloian presided.

On January 12, 2023, DHS filed its Motion to Terminate Parental Rights. The Family Court initially granted DHS's motion on October 25, 2023, after a continued permanency hearing that Mother (again) failed to attend. On October 26, 2023, Mother petitioned to have the October 25, 2023 Order Terminating Parental Rights set aside, which the Family Court granted. Mother nevertheless failed to appear for the rescheduled trial on April 22, 2024, and the Family Court entered the TPR Order that is the subject of this appeal.

Mother raises multiple points of error on appeal, contending that the DHS failed to establish by clear and convincing evidence that: (1) Mother is not presently willing and able to provide Child with a safe family home, even with the assistance of a service plan; (2) it was not reasonably foreseeable that Mother would become willing and able to provide Child with a safe family home, even with the assistance of a service plan, within a reasonable period of time, not to exceed two years from Child's date of entry into foster care; (3) DHS exerted reasonable efforts to reunite Child with her; (4) Mother was given every reasonable opportunity to effectuate positive change to reunify with Child; (5) DHS treated Mother and Father (collectively, **Parents**) fairly and serviced the entire family since the inception of DHS and Family Court intervention; and (6) the Permanent Plan dated January 4, 2023 (**Permanent Plan**), with the goal of adoption by a non-relative resource care giver, is in Child's best interest, rather than a permanent plan that specifically ensures continued family contact with Mother and the

Child's sibling. Mother identifies Findings of Fact (**FOFs**) 118-120, 125, 129-130, 133, and 142 as clearly erroneous, and FOFs 1-4 and Conclusions of Law as "general errors."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Mother's points of error as follows:[2]

(1) Mother argues that the Family Court's finding that DHS made reasonable efforts to reunify Child with Mother is clearly erroneous because the DHS social worker did not meet with Mother during June, August, September, and October 2022, and February and May 2023, and DHS submitted a Safe Family Home Report to the Family Court late.

Mother, who did not appear in court at either the first or the second trial scheduled on DHS's motion to terminate parental rights, raises this argument for the first time on appeal. See Williams v. Aona, 121 Hawaiʻi 1, 8, 210 P.3d 501, 508 (2009) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases.") (cleaned up). This argument is waived.

Nevertheless, based on the record on appeal, it appears that during DHS's periods of no-contact with Mother, Mother was, *inter alia*, continuing to abuse drugs. For example, Mother entered the Women's Way program on October 12, 2022, in

---

[2] We address Mother's challenges to the extent she presents arguments on them. See Rules Expediting Child Protective Appeals Rule 11(a)(4) (requiring concise legal argument about each point of error.)

possession of methamphetamine and drug paraphernalia, and tested positive on the day of admission. Mother left the Women's Way program on October 14, 2022, leaving behind her personal belongings, including her cell phone, and did not make further contact with DHS until November 8, 2022. On February 25, 2023, Mother gave birth to a second child, and both Mother and her second child tested positive for methamphetamine.

Jennifer Tetnowski, who was qualified as an expert in child welfare services and social work, testified that communication with Mother was not always good, and Mother was "very aggressive with me via text message and in person, with threats, swearing, just yelling." Tetnowski testified that when Mother would act aggressively, she would attempt to diffuse the situation by disengaging, and then would attempt to reach out to Mother a day or two later.

Mother offers no discernible argument as to how the tardy submission of one report by DHS impacted efforts at reunification.

Given the ongoing substance abuse by Mother, and resulting communication difficulties, the Family Court's finding that reasonable efforts at reunification were made is not clearly erroneous.

(2) Mother contends that the Family Court's finding that DHS provided her every reasonable opportunity to reunify with Child is clearly erroneous. Mother again points to the times when the DHS social worker did not have contact with her. She adds that her relationship with the social worker was

"clearly a hostile one" because Mother disagreed with DHS removing Child from a relative foster home, believed the social worker lied, and refused to communicate with the social worker.

Once foster custody of the Child was awarded to DHS, DHS was charged with determining where and with whom the Child was placed, subject to periodic review by the Family Court to ensure that the child was receiving appropriate services and care. Hawaii Revised Statutes §§ 587A-15(b)(1) (2018); 587A-30(a),(b) (2018). Mother's disagreement with DHS on placement does not establish that Mother was denied a reasonable opportunity to reunify with Child.

Unchallenged findings of the Family Court establish that Mother was offered appropriate services and repeatedly failed to comply with recommended treatment.[3] At no point in

---

[3]    The following FOFs are unchallenged:

88.    Mother failed to comply with the recommendations of the psychological evaluation she completed on September 21, 2022, which included individual therapy, substance abuse assessment and recommended treatment, and parenting services. The foregoing services were ordered by the Court as part of the DHS Family Service Plans. [(footnote omitted)].

89.    Mother failed to complete Comprehensive Counseling and Support Services ("CCSS"), which included parenting education, hands-on-parenting, and counseling. The CCSS case was closed by providers because Mother missed numerous sessions without rescheduling and failed to maintain consistent communication with service providers.

90.    Mother disclosed ongoing domestic violence with Father to DHS. Mother failed to complete a domestic violence assessment or complete any domestic violence courses.

91.    Mother was not consistent with scheduled visitation with Child. On multiple occasions Mother's visitation with Child was suspended due to her having missed three (3) or more consecutive scheduled visits.

92.    Mother has unresolved substance abuse issues,
(continued...)

these proceedings did it appear that Mother was making progress towards resolving the problems that necessitated placement. The Family Court's determination that DHS provided Mother every reasonable opportunity to reunify with Child is supported by substantial evidence and is not clearly erroneous.

(3)  Mother argues that the Family Court's finding that DHS's Permanent Plan with the goal of adoption is in the best interest of Child is clearly erroneous because there are no specific provisions to accomplish continued family contact for Mother and Child's sibling.

DHS's Permanent Plan, specifies that Mother continues to have visitation, and DHS would talk to resource caregivers about maintaining family connections. When petitioning for approval for the resource caregivers to relocate out of state,

---

[3](...continued)
and she has continued to use illegal substances. Mother failed to complete substance abuse treatment and tested positive for methamphetamines throughout this case.

93.  Mother failed to complete a substance abuse assessment as ordered by the Court and failed to complete urinalysis tests to confirm her sobriety.

94.  On October 12, 2022, Mother entered the Women's Way Program for substance abuse treatment and was found in possession of methamphetamine and drug paraphernalia. Mother also tested positive for methamphetamine upon her admission into the Program. Mother left the Program after only two (2) days, without a clinical discharge.
.  .  .  .

98.  Based upon the credible expert testimony of the DHS SW Tetnowski, as well as the credible evidence, Mother was given a reasonable amount of time to complete her recommended services and failed to demonstrate her ability to provide a safe stable home for the Child.

99.  Based upon the credible expert testimony of the DHS SW Tetnowski, as well as the credible evidence, Mother has not made progress in services to address the safety issues in this case and has not demonstrated her ability to provide a safe family home with the assistance of a service plan within a reasonable time period.

due to military assignment, DHS represented that it would offer and arrange for the Child's Parents to have virtual or zoom visits upon resource caregivers' relocation.  This case included multiple placements for Child before being placed with the current resource caregivers.  Under the circumstances of this case, including Mother's continued methamphetamine abuse, we cannot conclude based on Mother's arguments concerning visitation that the Family Court erred in determining that the Permanent Plan is in Child's best interests.

For these reasons, the Family Court's April 22, 2024 TPR Order is affirmed.

DATED: Honolulu, Hawaiʻi, January 9, 2025.

On the briefs:

Crystal M. Asano,
for Mother-Appellant.

Simeona A. Mariano,
Julio C. Herrera,
Ian T. Tsuda,
Abigail S. Dunn Apana,
Deputy Attorneys General
Department of the Attorney
 General
for Petitioner-Appellee.

Brandon K. Eugenio,
(Arakaki & Eugenio)
for Guardian Ad Litem.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge